IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

| | |
|---|---|
| SCOTT SKYLSTAD, an individual, | Case No. 18-2-09228-31 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | (Civil Rights, and Jury Trial Demanded) |
| STATE OF WASHINGTON; WASHINGTON DEPARTMENT OF CORRECTIONS; HENRI FISCHER; DOMINIC FRANZO; JULIUS MONROE; DON WOOD; THERESA COHN; LISA ANDERSON; and DOES I-X, | |
| Defendants. | |

COMES NOW Plaintiff Scott Skylstad, by and through the undersigned attorney, and for the causes of action against the above-named Defendants, alleges and avers as follows:

### **INTRODUCTION**

1.     This is a religious discrimination and retaliation case against The State of Washington Department of Corrections, Henri Fischer, Dominic Franzo, Julius Monroe, Don Wood, Theresa Cohn, Lisa Anderson, and Does I-X. Plaintiff Scott Skylstad is currently an inmate at Monroe Correctional Complex in Monroe, Washington. Plaintiff, by and through his

COMPLAINT FOR DAMAGES - 1

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1  undersigned counsel, file this Complaint for declaratory and injunctive relief and damages

2  against defendants, in their official and individual capacities, for violations of the First and

3  Fourteenth Amendments. He brings this action as a result of defendants' religious discrimination

4  in their refusal to provide plaintiff with necessary religious materials. Defendants have shown

5  deliberate retaliation toward plaintiff in response to his requests. As a result, defendants have

6  violated plaintiff's First and Fourteenth Amendment rights and have caused plaintiff to suffer

7  deprivation of his civil, statutory, and constitutional rights, and physical injury as well as mental

8  and emotional distress.

9  ### VENUE

10  2.    All of the unlawful acts and practices alleged herein occurred in or near the City

11  of Monroe in Snohomish County, Washington. Thus, the Snohomish County Superior

12  Courthouse is the appropriate forum for this matter.

13  ### PARTIES

14  3.    Plaintiff Scott Skylstad is an adult male inmate (Inmate No. 931646), currently

15  incarcerated at the Cedar Creek Corrections Center in Littlerock, Washington. He is a student of

16  the Nation of Islam, which is of the Shia Tradition. He was at all relevant times considered a

17  "person confined to an institution" as the term is defined in 42 U.S.C. § 2000cc *et seq.*

18  4.    Defendant Washington Department of Corrections ("DOC") is an agency of the

19  State of Washington. At all times relevant to this action, DOC has maintained custody of both

20  plaintiffs pursuant to their judgments and sentences.

21  5.    Defendant Henri Fischer the Chaplain at Monroe Correctional Complex and, in

22  doing the things complained of herein, was acting under color of law and within the course and

23  scope of his employment by defendant Washington State Department of Corrections.

COMPLAINT FOR DAMAGES - 2

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1  6.    Defendant Lisa Anderson, Associate Superintendent at Monroe Correctional

2  Complex and, in doing the things complained of herein, was acting under the color of law within

3  the course and scope of her employment by Washington State Department of Corrections.

4  7.    Defendant Dominic Franzo, a DOC officer at Monroe Correctional Complex and,

5  in doing the things complained of herein, was acting under the color of law within the course and

6  scope of his employment by Washington State Department of Corrections.

7  8.    Defendant Julius Monroe, a DOC officer at Monroe Correctional Complex and, in

8  doing the things complained of herein, was acting under the color of law within the course and

9  scope of his employment by Washington State Department of Corrections.

10  9.    Defendant Don Wood, a DOC officer at Monroe Correctional Complex and, in

11  doing the things complained of herein, was acting under the color of law within the course and

12  scope of his employment by Washington State Department of Corrections.

13  10.   Defendant Theresa Cohn, a Correctional Unit Supervisor at Monroe Correctional

14  Complex and, in doing the things complained of herein, was acting under the color of law within

15  the course and scope of her employment by Washington State Department of Corrections.

16  11.   Each defendant is, and at all times herein mentioned was, an agent of the other

17  and acting within the course and scope of that agency in causing the harm as herein alleged.

18  12.   Defendants Does I through X, in doing the things complained of herein, were

19  acting under color of law and within the course and scope of their employment by defendant

20  Washington State Department of Corrections.

21  **ADMINISTRATIVE PROCEEDINGS**

22  13.   Plaintiff has exhausted all possible grievances and has pursued all administrative

23  remedies available to him.

COMPLAINT FOR DAMAGES - 3

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

1

## STATEMENT OF FACTS

2

### Religious Discrimination

3      14.      On February 3, 2017, a letter from Chaplains Henri Fischer and David Sherman

4  was issued to all staff and all offenders within the Department of Corrections, Monroe

5  Correctional Complex stating that all Muslim offenders working or attending programs within

6  the facility should be allowed to observe their Family Obligatory Prayers. The letter states that

7  the facility is required by law to allow religious freedom to all practicing Muslim offenders and

8  outlines the minimal conditions and procedures for the offender's prayer time.

9      15.      On March 21, 2017, plaintiff Scott Skylstad ("Skylstad") was an inmate at

10  Monroe Correctional Complex.

11      16.      On March 21, 2017, Skylstad submitted a request for a prayer rug through the

12  request process known as an "Offender's Kite."  Skylstad's Offender's Kite stated "I am

13  requesting a prayer rug.  I'm a non-Sunni Muslim and would like to be able to pray in my cell.

14  Thank you."

15      17.      On March 23, 2017, Skylstad received a response to his Offender's Kite from

16  Fischer stating, "Since your cellie sent me exactly the same kite, I'd like to know what Madhab

17  (school of Islamic interpretation) you subscribe to?"

18      18.      On March 28, 2017, Skylstad responded to Chaplain Fischer's inquiry by

19  submitting a new Offender's Kite, stating: "to answer your kite of 3/21/2017 I am studying (a

20  student) of the Nation of Islam Shite tradition/interpretation.  Because the Sunni's belief system

21  contradicts what I'm studying, I will be a private practitioner.  Please send me a prayer rug so I

22  can practice.  I believe I am within my religious freedom of rights to do so.  Thank you."

23

COMPLAINT FOR DAMAGES - 4

**Civil Rights Justice Center** PLLC
2150 North 107th St. Ste. 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

1    19.    On March 30, 2017, Skylstad received a response to his Offender's Kite from

2  Fischer denying his requests, stating "These prayer rugs were donated by Muslim sponsors for

3  the active participants in the Muslim program.  Sorry. – And are you going to have me believe

4  that a white man is part of the nation of Islam? GIVE ME A BREAK!"

5    20.    On June 9, 2017, Skylstad filed an Offender Complaint with the Department of

6  Corrections regarding the request and denial of the prayer rug. Skylstad complained about the

7  racial and religious discrimination he experienced from Fischer while requesting an Islamic

8  prayer rug and $100,000 in damages.

9    21.    On June 26, 2017, Skylstad filed a Level I grievance regarding the racial and

10  religious discrimination by Fischer because he still did not have a prayer rug.

11    22.    On July 10, 2017, Skylstad complained again about the racial discrimination of

12  Chaplain Fischer and the request for the prayer rug.

13    23.    On August 1, 2017, Skylstad submitted a Level II grievance regarding the racial

14  and religious discrimination for the prayer rug.

15    24.    On August 8, 2017, Williams, the Correctional Program Manager, met with

16  Skylstad and Fischer, to investigate Skylstad's complaints.

17    25.    On August 29, 2017, Associate Superintendent, Lisa Anderson, denied Skylstad's

18  grievance against Chaplain Fischer because "you have not practiced the Muslim Religion."

19    26.    On September 1, 2017, Skylstad submitted a Level III Appeal Complaint

20  regarding Chaplain Fischer's racial and religious discrimination, which he was told to rewrite.

21    27.    On September 13, 2017, Skylstad rewrote and submitted a Level III appeal

22  complaint regarding Chaplain Fischer's racial and religious discrimination.

23                                          **Retaliation**

COMPLAINT FOR DAMAGES - 5

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1       28.     Shortly after Skylstad submitted his June 9, 2017, complaint, his cellmate went to

2   court and Skylstad received a new cellmate, who was a known drug user.

3       29.     Inmates are typically permitted to select their own cellmates but when Skylstad

4   asked to be moved away from said cellmate, his request was denied. Skylstad was told by

5   Sergeant Bass, the Unit Sergeant, that the Correctional Unit Supervisor, Theresa Cohn ("Cohn")

6   was personally handling the bunk assignment and would not accommodate his request.

7       30.     Skylstad requested a different cellmate because his new cellmate was a known

8   drug user and Skylstad did not want to be implicated in any of the cellmate's known

9   misbehavior.

10       31.     As a direct act of retaliation for Skylstad's Offender complaint, on June 23, 2017,

11   Dominic Franzo, Julius Monroe, and Don Wood administered a strip search and Urine Analysis

12   test on Skylstad. Despite the negative test results, Franzo alleged that the urine sample was

13   devoid of color and had been altered or diluted. Dissatisfied with the negative results of the test,

14   Franzo administered another test to determine whether the initial test had been tampered with.

15       32.     The alternative test showed that the initial sample had been altered and Skylstad

16   was not tested further to determine which of the two test results were accurate.

17       33.     Franzo, Monroe, and Wood also alleged that Skylstad failed to follow directions

18   by throwing an object into the toilet and flushing it twice. Skylstad had openly thrown dental

19   floss in the toilet from his broken tooth, and was not previously corrected by the officers. The

20   urine sample was disregarded, and Skylstad was placed in Administrative Segregation as he

21   waited for an Infraction Hearing.

22

23

**COMPLAINT FOR DAMAGES - 6**

Civil Rights Justice Center PLLC
2150 North 107ᵗʰ St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

34.     On June 29, 2017, Skylstad filed a grievance regarding retaliation for filing previous grievances. He was told that he could not grieve his placement into the Intensive Management Unit ("IMU") or disciplinary actions taken against him.

35.     Additionally, on July 10, 2017, Skylstad was served with a hearing notice concerning a Facility Risk Management Team ("FRMT") plan change and transfer regarding his placement in IMU. Skylstad did not waive his rights to appear at the hearing. Theresa Cohn was assigned to conduct the investigation. Throughout the investigation, Skylstad remained in IMU on Administrative Segregation.

36.     On July 18, 2017, a hearing was held regarding the incident on June 23, 2017, with the urine sample and flushing dental floss down the toilet. The violation related to the urine sample was dismissed entirely and the violation relating to flushing dental floss down the toilet, was reduced because it was not supported by available evidence.

37.     Skylstad remained in IMU despite the dismissal of his infractions on July 18, 2017 and being held there for over two months.

38.     On September 16, 2017, Skylstad wrote a complaint about Correctional Unit Supervisor Theresa Cohn, for fabricating false information in her FRMT report. In the report, Cohn claimed that Skylstad left his cell, that he went to a FRMT hearing, and that other people talked to him through the door. Based on her fabricated report, Cohn recommended that Skylstad be transferred to close custody instead of returning to medium custody.

39.     Despite Cohn's recommendation that Skylstad be transferred to close custody, he was ultimately placed in the Minimum Security Unit in October of 2017.

COMPLAINT FOR DAMAGES - 7

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1    40.    After the transfer Skylstad lost accesses to his mentor, Jonny Ship, who taught

2 him about the Nation of Islam. After being separated from Ship, Skylstad was unable to find

3 another individual to mentor him.

4    41.    In November of 2017, Skylstad was issued a prayer rug. However, since Skylstad

5 was refused the prayer rug for six months, and was placed in IMU, away from his mentor, he

6 was unable to learn how to practice independent prayer and use the rug, rendering it useless as he

7 is now a student without a teacher.

8    42.    Had Skylstad been provided the prayer rug six months prior, he may have been

9 prepared for independent practice.

10    **FIRST CLAIM FOR RELIEF**

11    (42 U.S.C. § 2000cc—Violation of Religious Land Use and Institutionalized Persons Act-

12    Religious Exercise-defendants Washington State Department of Corrections, Fischer, and

13    Anderson)

14    43.    Plaintiff realleges and incorporates paragraphs 1 through 42 with the same force

15 and effect as if such paragraphs were separately realleged in this First Claim for Relief.

16    44.    At all times material hereto, plaintiff was an inmate of the DOC and in its

17 custody. Plaintiff was repeatedly denied access to a prayer rug, as a private practitioner of the

18 Nation of Islam. Despite his requests for a prayer rug and his complaints about Fischer's denial

19 of the rug, defendants refused to provide plaintiff with a prayer rug for six months. While

20 plaintiff waited for the prayer rug, he was unable to learn the required lessons for private practice

21 from his mentor. Had plaintiff been able to study during the six months the prayer rug was

22 withheld, he would have been able to prepare himself for solo practice upon his transfer.

23

COMPLAINT FOR DAMAGES - 8

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

45.     As a direct, proximate, and foreseeable result of defendants' deprivation of plaintiff's right to the free exercise of religion as secured by the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc(a) et seq., by imposing and implementing an unconstitutional and discriminatory policy that plaintiff's religious exercise, defendants have imposed a substantial burden on plaintiff's exercise of Islam. Imposition of such a burden is not in furtherance of a compelling government interest and is not the least restrictive means of furthering any governmental interest, compelling or otherwise.

46.     Plaintiff is entitled to a declaration that defendants' above-described conduct caused a substantial burden to the free exercise of plaintiff religion, is not justified by a compelling government interest, and is in violation of RLUIPA.

47.     As a direct and proximate cause of the actions and omissions described in this complaint, plaintiff has experienced emotional distress and incurred expenses related to phone usage and legal representation, all to his damage in an amount to be ascertained according to proof at trial. Defendants' unlawful actions caused plaintiffs harm and plaintiff is entitled to injunctive and declaratory relief, as well as compensatory damages, in addition to all such other relief this Court deems just and proper including costs and attorney's fees in this action.

**SECOND CLAIM FOR RELIEF**

(42 U.S.C. § 2000cc—Violation of Religious Land Use and Institutionalized Persons Act-
Discrimination on the Basis of Religion-defendants Washington State Department of
Corrections, Fischer, and Anderson)

48.     Plaintiff realleges and incorporates paragraphs 1 through 47 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for Relief.

COMPLAINT FOR DAMAGES - 9

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

49.     Defendants have imposed onerous restrictions on plaintiff's ability to learn and practice the Nation of Islam that have not been imposed on prisoners of other faith backgrounds or disciplines of Islam.

50.     Defendants have arbitrarily and unjustly refused to provide plaintiff with a prayer rug because he is a "white man" practicing within the Nation of Islam.

51.     Plaintiff is entitled to a declaration that defendants' above-described conduct constitutes discrimination on the basis of plaintiff's religion, is not justified by a compelling government interest, and is in violation of RLUIPA.

52.     As a direct and proximate cause of the actions and omissions described in this complaint, plaintiff has been deprived of his rights in violation of the Fourteenth Amendment and has suffered emotional damage, trauma, considerable disturbance in his life, all to his damage in an amount to be ascertained according to proof at trial. Defendants' unlawful actions caused plaintiffs harm and plaintiff is entitled to injunctive and declaratory relief, as well as compensatory damages, in addition to all such other relief this Court deems just and proper including costs and attorney's fees in this action.

## THIRD CLAIM FOR RELIEF

(42 U.S.C. § 1983—Denial of Equal Protection-defendants Washington State Department of Corrections, Fischer, and Anderson)

53.     Plaintiff realleges and incorporates paragraphs 1 through 52 with the same force and effect as if such paragraphs were separately realleged in this Third Claim for Relief.

54.     Defendants' above-mentioned unlawful conduct caused and continues to cause plaintiff harm, because they treated him on less than equal terms with other religious and non-religious prisoners, thereby creating a denominational preference against non-Sunni Muslims.

COMPLAINT FOR DAMAGES - 10

1      55.    Defendants have deprived and continue to deprive plaintiff his right to equal

2  protection of the laws secured by the Fourteenth Amendment to the United States Constitution,

3  by preventing him from private practice in his cell by having denied him a prayer rug for six

4  months.

5      56.    Plaintiff was unable to continue his studies as a student of the Nation of Islam

6  during those six months. As a result of defendant's prevention of those studies, plaintiff lacks

7  enough knowledge to continue his studies, now that he has a prayer rug, since he was unable to

8  learn during the six months he had access to his mentor and was separated from his mentor. Had

9  plaintiff been granted the prayer rug when requested, he would have been continuing his studies

10  of the Nation of Islam during the six months, prior to his transfer, and would have been prepared

11  to continue his studies and practice on his own.

12      57.    The restriction imposed on plaintiff is unconstitutional and has substantially

13  burdened his ability to freely practice his religion.

14      58.    Plaintiff is entitled to a declaration that defendants' above-described conduct

15  causes a substantial burden to him as a religious citizen, is not justified by a compelling

16  governmental interest, and is in violation of his Fourteenth Amendment Right to equal protection

17  of the laws.

18      59.    Plaintiff is entitled to issuance of a preliminary and permanent injunction granting

19  the relief described in the Prayer for Relief below.

20      60.    Defendants' unlawful actions caused plaintiff harm, and he is entitled to

21  injunctive and declaratory relief, and compensatory damages, in addition to all such other relief

22  this Court deems just and proper, including costs and attorneys' fees in this action.

23                        **FOURTH CLAIM FOR RELIEF**

COMPLAINT FOR DAMAGES - 11

Civil Rights Justice Center PLLC
2150 North 107ᵗʰ St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1     (42 U.S.C. § 1983—Free Exercise of Religion -defendants Washington State Department of

2                              Corrections, Fischer, and Anderson)

3        61.    Plaintiff realleges and incorporates paragraphs 1 through 60 with the same force

4     and effect as if such paragraphs were separately realleged in this Fourth Claim for Relief.

5        62.    Defendants' above-mentioned unlawful actions caused ad continues to cause

6     plaintiff harm by chilling his right to free exercise of religion.

7        63.    Defendants have deprived plaintiff of his right to free exercise of religion as

8     secured by the First Amendment to the United States Constitution, made applicable to the States

9     by the Fourteenth Amendment to the United States Constitution, by refusing to provide plaintiff

10    with a prayer rug upon request, substantially burdening plaintiff's religious exercise by

11    preventing plaintiff from learning about and practicing the Nation of Islam.

12       64.    Defendants refused to provide plaintiff with a prayer rug so that he could practice

13    prayer in his cell in preparation for group prayer. Having denied plaintiff the prayer rug for six

14    months, plaintiff was unable to learn what was required of him to engage in group prayer *or* what

15    was required for private practice.

16       65.    The restriction on plaintiff's ability to learn and practice the Nation of Islam was

17    substantial and completely prevented plaintiff from practicing during those six months without

18    the prayer rug and prevented future practice by withholding tools necessary to learn private

19    practice.

20       66.    Imposition of such a burden is not in furtherance of a compelling government

21    interest and is not the least restrictive means of furthering any governmental interest, compelling

22    or otherwise.

23

COMPLAINT FOR DAMAGES - 12

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1    67.    As a direct and proximate cause of the actions described in this complaint,

2    plaintiff is entitled to declaratory relief, and compensatory damages, in addition to all such other

3    relief this Court deems just and proper including costs and attorney's fees in this action.

4                              **FIFTH CLAIM FOR RELIEF**

5    (42 U.S.C. § 1983—Retaliation for Exercising First Amendment Rights -defendants Washington

6              State Department of Corrections, Cohn, Franzo, Monroe, Wood, and Anderson)

7    68.    Plaintiff realleges and incorporates paragraphs 1 through 67 with the same force

8    and effect as if such paragraphs were separately realleged in this Fifth Claim for Relief.

9    69.    Defendant Cohn willfully retaliated against plaintiff in the above referenced

10   actions for his complaints of Religious Discrimination, in violation of the First and Fourteenth

11   Amendment.

12   70.    Due to Cohn's retaliatory acts, defendants Franzo, Monroe, and Wood, retaliated

13   against plaintiff for his complaints of Religious Discrimination through their actions in

14   improperly searching and testing plaintiff and placing him Administrative Segregation and IMU.

15   71.    As a direct and proximate cause of the actions described in this complaint,

16   plaintiff is entitled to compensatory damages, in addition to all such other relief this Court deems

17   just and proper including costs and attorney's fees in this action.

18                              **SIXTH CLAIM FOR RELIEF**

19              (*Respondeat Superior* – State of Washington)

20   72.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 71

21   with the same force and effect as if such paragraphs were separately set out in this Sixth Claim

22   for Relief.

23

COMPLAINT FOR DAMAGES - 13

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1  73.    In doing the things herein alleged, defendant corrections employees were acting

2  within the court and scope of their employment with the State of Washington. The State of

3  Washington is therefore liable for the conduct of defendant corrections employees.

4  **SEVENTH CAUSE OF ACTION**

5  (Violation of the Washington Law Against Discrimination – Religious Discrimination-

6  defendants Washington State Department of Corrections, Fischer, and Anderson)

7  74.    Plaintiff realleges and incorporates by reference herein the allegations set forth in

8  paragraphs 1 through 73 with the same force and effect as if such paragraphs were separately

9  realleged in this Seventh Cause of Action.

10  74.    Defendants' above-mentioned unlawful actions caused ad continues to cause

11  plaintiff harm by chilling his right to free exercise of religion.

12  75.    Defendants refused to provide plaintiff with a prayer rug so that he could practice

13  prayer in his cell in preparation for group prayer. Having denied plaintiff the prayer rug for six

14  months, plaintiff was unable to learn what was required of him to engage in group prayer *or* what

15  was required for private practice.

16  76.    As a direct and proximate cause of the actions described in this complaint,

17  plaintiff is entitled to declaratory relief, and compensatory damages, in addition to all such other

18  relief this Court deems just and proper including costs and attorney's fees in this action.

19  **EIGHTH CAUSE OF ACTION**

20  (Violation of the Washington Law Against Discrimination – Retaliation-defendants Washington

21  State Department of Corrections, Cohn, Franzo, Monroe, Wood, and Anderson)

22

23

COMPLAINT FOR DAMAGES - 14

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

77.     Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 76 with the same force and effect as if such paragraphs were separately realleged in this Eighth Cause of Action.

78.     Defendant Cohn willfully retaliated against plaintiff in the above referenced actions for his complaints of Religious Discrimination, in violation of the First and Fourteenth Amendment.

79.     Due to Cohn's retaliatory acts, defendants Franzo, Monroe, and Wood, retaliated against plaintiff for his complaints of Religious Discrimination through their actions in improperly searching and testing plaintiff and placing him Administrative Segregation and IMU.

80.     As a direct and proximate cause of the actions described in this complaint, plaintiff is entitled to compensatory damages, in addition to all such other relief this Court deems just and proper including costs and attorney's fees in this action.

## **PRAYER**

WHEREFORE, plaintiff requests that this Honorable Court enter judgment in his favor and against defendants on each and every count in this Complaint, and enter an Order awarding the following relief:

A.      A declaratory judgment that:

1.      Defendants' religious support programs, practices, and customs violate the First and Fourteenth Amendments to the Constitution of the United States the Religious Land Use and Institutionalized Persons Act of 2000 ("RULPIA"), and 42 U.S.C. § 1983;

COMPLAINT FOR DAMAGES - 15

Civil Rights Justice Center pllc
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

2.  Defendants' denial of plaintiff's religious rights is a substantial burden on plaintiff's First Amendment rights and is not justified by a compelling government interest;

B.  For general and special compensatory damages against defendants Franzo, Monroe, Wood, Cohn, and Anderson in the amount of $350,000;

C.  For reasonable attorney's fees and costs pursuant to provisions of 42 U.S.C. § 1988 or any other applicable law;

D.  For costs of suit incurred herein; and

E.  For such other and further relief as the Court may deem just.

Dated this 12th day of October, 2018.

CIVIL RIGHTS JUSTICE CENTER PLLC

Darryl Parker, WSBA #30770
2150 North 107th Street, Suite 520
Seattle, WA 98133
206-557-7719
Email: dparker@civilrightsjusticecenter.com

COMPLAINT FOR DAMAGES - 16

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183