THE HONORABLE JOHN C. COUGHENOUR
THE HONORABLE BRIAN A. TSUCHIDA

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

SCOTT SKYLSTAD,

               Plaintiff,

  v.

STATE OF WASHINGTON, et al.,

               Defendants.

NO. 2:18-cv-01636-JCC-BAT

DEFENDANTS STATE OF WASHINGTON AND WASHINGTON DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

NOTE ON MOTION CALENDAR: DECEMBER 14, 2018

Defendants State of Washington and Washington Department of Corrections move to dismiss this case because they are not "persons" subject to suit under 42 U.S.C. § 1983, *respondeat superior* is not cognizable under 42 U.S.C. § 1983, Skylstad's claims for injunctive relief are moot, and the Washington Law Against Discrimination does not apply to prisons.

## I.  INTRODUCTION

Plaintiff, Scott Skylstad, is an inmate in custody of the Washington Department of Corrections (Department). Skylstad is currently housed at Cedar Creek Corrections Center; his claims arose when he was housed at the Monroe Correctional Complex. Skylstad alleges he was denied a Muslim prayer rug because he is white and that he was retaliated against for

DEFENDANTS STATE OF WASHINGTON
AND WASHINGTON DEPARTMENT OF
CORRECTIONS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
NO. 2:18-CV-01636-JCC-BAT

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

complaining about the rug. He brings eight causes of action: 1) violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA) (religious exercise); 2) violation of RLUIPA (discrimination on the basis of religion); 3) denial of equal protection (brought under 42 U.S.C. § 1983); 4) violation of the free exercise of religion (brought under 42 U.S.C. § 1983); 5) retaliation for exercising First Amendment rights (brought under 42 U.S.C. § 1983); 6) *respondeat superior*–State of Washington; 7) violation of the Washington Law Against Discrimination (Wash. Rev. Code § 49.60, *et seq.*) (the Anti-Discrimination Law) (religious discrimination); and 8) violation of the Anti-Discrimination Law (retaliation). Skylstad seeks declaratory and injunctive relief and $350,000 in damages.

Skylstad has failed to state a claim upon which relief may be granted. First, neither the State of Washington nor the Washington Department of Corrections is a person, so they may not be sued under 42 U.S.C. § 1983. Second, actions brought under section 1983 require personal participation—*respondeat superior* does not apply. Third, Skylstad's request for injunctive relief is moot because he is no longer housed at Monroe and because he has received the prayer rug he requested. Without injunctive relief, his RLUIPA claim also fails. Finally, the Anti-Discrimination Law does not apply to prisons. Skylstad's claims should therefore be dismissed for failure to state a claim for relief.

## II.     ARGUMENT

### A.     Legal Standards

#### 1.     Motion to Dismiss – Rule 12(b)(6), Fed. R. Civ. P.

Dismissal is appropriate when a complaint fails to allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. These facts, taken as true, must "give rise to an entitlement to relief." *Id*. at 679.

DEFENDANTS STATE OF WASHINGTON
AND WASHINGTON DEPARTMENT OF
CORRECTIONS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
NO. 2:18-CV-01636-JCC-BAT

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1

### 2.    42 U.S.C § 1983

2

　　To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered

3

a violation of rights protected by the Constitution or created by federal statute, and (2) the

4

violation was proximately caused by a person acting under color of state law. *Leer v. Murphy*,

5

844 F.2d 628, 632-633 (9th Cir. 1988). A defendant cannot be held liable under 42 U.S.C. § 1983

6

solely on the basis of supervisory responsibility or position. *Monell v. Dep't of Soc. Serv.*,

7

436 U.S. 658, 694 n.58 (1978). Rather, each defendant must have violated the Constitution

8

through his own, individual actions. *Iqbal*, 556 U.S. at 676.When a plaintiff fails to allege or

9

establish one of these elements, his complaint must be dismissed.

10

### B.    Neither the State nor Its Agencies Are "Persons" Subject to Suit Under 42 U.S.C. § 1983

11

12

　　Skylstad names the State of Washington and the Washington Department of Corrections

13

as defendants in his suit. *Complaint*. To state a cognizable claim under 42 U.S.C. § 1983, the

14

defendant must be a person acting under color of state law. *Leer*, 844 F.2d at 632. But neither

15

the State of Washington nor its agencies are "persons" under the statute. *Will v. Michigan Dep't*

16

*of State Police*, 491 U.S. 58, 64 (1989). Thus, neither the State nor the Department of

17

Corrections, which is a state agency, is subject to suit under section 1983. Skylstad's claims

18

against these entities should be dismissed.

19

### C.    A Claim Brought Under 42 U.S.C. § 1983 Requires Personal Participation; It Cannot Be Based on *Respondeat Superior*

20

21

　　Skylstad also incorporates all of his section 1983 claims into a claim against the State of

22

Washington based on "*respondeat superior*." *Complaint, ¶¶* 72-73. But *respondeat superior* is

23

not cognizable in this context because section 1983 requires personal participation. *Iqbal*, 556

24

U.S. at 676.

25

　　Because *respondeat superior* does not apply here, Skylstad's claims against the State of

26

Washington fail as a matter of law.

DEFENDANTS STATE OF WASHINGTON
AND WASHINGTON DEPARTMENT OF
CORRECTIONS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
NO. 2:18-CV-01636-JCC-BAT

3

1    **D.**      **Skylstad's Request for Injunctive Relief is Moot**

2          In his Complaint, Skylstad requests injunctive relief as well as damages. Skylstad's

3    request for injunctive relief is moot because he is no longer at the Monroe Correctional Complex

4    and he has received the prayer rug he requested.

5          The jurisdiction of a federal court depends on the existence of a live case or controversy.

6    *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996). Courts do not decide questions that cannot

7    affect the rights of litigants in the cases before them. *Id*. at 528. If an issue in a case is no longer

8    in dispute, or if a party receives the requested relief, the issue is moot.

9          Here, Skylstad admits receiving the prayer rug he requested. *Complaint*, ¶ 41. He has

10   therefore already received the requested relief so his request for injunctive relief is moot.

11         Further, to have standing to sue for injunctive relief, Skylstad must also show that there

12   is a "demonstrated probability" that he will again be subject to the specific injury for which he

13   seeks such relief. *Nelsen v. King Co*., 895 F.2d 1248, 1250 (9th Cir.1990) (citing *Kolender v.

14   Lawson*, 461 U.S. 352, 355 n. 3 (1983)). The "'mere physical or theoretical possibility' of a

15   challenged action again affecting" the litigant is not enough. *Id*. (quoting *Murphy v. Hunt*,

16   455 U.S. 478, 482 (1982)). As a general rule, claims for injunctive and declaratory relief are

17   mooted by release from prison or transfer to another institution. *Walker v. Beard*, 789 F.3d 1125,

18   1132 (9th Cir. 2015).

19         Skylstad has been transferred to Cedar Creek Corrections Center. *See Complaint*, ¶ 3. He

20   does not allege that any of the allegations from Monroe are continuing at Cedar Creek or that his

21   circumstances warrant injunctive relief. Because Skylstad is no longer subject to the defendants,

22   policies, or procedures associated with the Monroe Correctional Complex, he cannot show that

23   there is a *demonstrated probability* that he will again be subjected to the specific injury he

24   complains of. As a result, his claims for injunctive relief are, again, moot.

25

26

DEFENDANTS STATE OF WASHINGTON                    4          ATTORNEY GENERAL OF WASHINGTON
AND WASHINGTON DEPARTMENT OF                                         Corrections Division
CORRECTIONS' MOTION TO DISMISS                                          PO Box 40116
FOR FAILURE TO STATE A CLAIM                                      Olympia, WA 98504-0116
NO. 2:18-CV-01636-JCC-BAT                                              (360) 586-1445

**E.      Skylstad's RLUIPA Claim is Moot**

Skylstad has brought two claims under RLUIPA—one based on religious exercise and one based on discrimination. *Complaint*, ¶¶ 43-52. These claims also fail because there is no relief available to Skylstad.

Because a litigant may not recover monetary damages under RLUIPA, the only relief available is injunctive relief. *Sossamon v. Texas*, 563 U.S. 277, 131 S. Ct. 1651, 1658 (2011); *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014).

As discussed, though, Skylstad is no longer at the Monroe facility. He was given a prayer rug and he has not alleged any related claims arising at Cedar Creek. Any injunctive relief would therefore be moot. Without injunctive relief, Skylstad has no relief available under RLUIPA. His claims should therefore be dismissed.

**F.      The Anti-Discrimination Law Does Not Apply to Prisons**

Finally, Skylstad brings two claims under the Washington Law Against Discrimination—religious discrimination and retaliation. *Complaint*, ¶¶ 74-80. The Anti-Discrimination law prohibits discrimination, including religious discrimination, but it does not present a free-standing claim for allegations of discrimination. Wash. Rev. Code §§ 49.60.010, *et seq*. To have a claim under the Anti-Discrimination Law, a litigant must allege an unfair practice with respect to credit transactions, insurance transactions, employers, labor unions, employment agencies, real estate transactions, or a place of public resort, accommodation, assemblage, or amusement. *See* Wash. Rev. Code §§ 49.60.175 to .200; 49.60.215l 49.60.222 to .227. Correctional facilities are not places of public accommodation under the Anti-Discrimination Law. *See Roufa v. Constantine*, No. C15-1379-JLR, 2017 WL 120601 (W.D. WA Jan. 11, 2017) (unpublished) and cases cited therein. And none of the other circumstances apply in this case. Skylstad's claims under the Anti-Discrimination Law, then, should also be dismissed.

DEFENDANTS STATE OF WASHINGTON
AND WASHINGTON DEPARTMENT OF
CORRECTIONS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
NO. 2:18-CV-01636-JCC-BAT

5

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1

### III.   CONCLUSION

2        Even assuming the facts he has pleaded are true, Skylstad has failed to state a cognizable

3   claim against the State of Washington and the Washington Department of Corrections. All claims

4   against these defendants should therefore be dismissed.

5        RESPECTFULLY SUBMITTED this 16th day of November, 2018.

6                                    ROBERT W. FERGUSON
                                     Attorney General
7

8                                    s/ Michelle M. Young
                                     MICHELLE M. YOUNG, WSBA #52423
9                                    Assistant Attorney General
                                     Corrections Division
10                                   P.O. Box 40116
                                     Olympia, WA  98504-0116
11                                   (360) 586-1445
                                     Michelle.Young@atg.wa.gov
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS STATE OF WASHINGTON
AND WASHINGTON DEPARTMENT OF
CORRECTIONS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
NO. 2:18-CV-01636-JCC-BAT

6

1

<u>**CERTIFICATE OF SERVICE**</u>

2

I certify that on the date below I caused to be electronically filed the foregoing

3

DEFENDANTS STATE OF WAHSINGTON AND WASHINGTON DEPARTMENT OF

4

CORRECTIONS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with the

5

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

6

following:

7

DARRYL PARKER, WSBA #30770
CIVIL RIGHTS JUSTICE CENTERS, PLLC

8

2150 107th STREET, SUITE 520
SEATTLE, WA  98133

9

dparker@civilrightsjusticecenter.com

10

11

I declare under penalty of perjury under the laws of the United States of America that the

12

foregoing is true and correct.

13

EXECUTED this 16th day of November, 2018, at Olympia, Washington.

14

s/ Leena Vanderwood
LEENA VANDERWOOD

15

Legal Assistant
Corrections Division

16

PO Box 40116
Olympia WA  98504-0116

17

360-586-1445
LeenaV@atg.wa.gov

18

19

20

21

22

23

24

25

26

DEFENDANTS STATE OF WASHINGTON
AND WASHINGTON DEPARTMENT OF
CORRECTIONS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
NO. 2:18-CV-01636-JCC-BAT

7