THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT SKYLSTAD,

                        Plaintiff,

      v.

HENRI FISCHER *et al.*,

                      Defendants.

CASE NO. C18-1636-JCC

ORDER

This matter comes before the Court on Plaintiff's objections (Dkt. No. 53) to the report and recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 52). Having considered the parties' briefing and the relevant record, the Court hereby OVERRULES Plaintiff's objections, ADOPTS AND APPROVES the report and recommendation, DENIES Plaintiff's motion for summary judgment, and GRANTS Defendant Henri Fischer's cross-motion for summary judgment for the reasons explained herein.

## I.    BACKGROUND

Judge Tsuchida's report and recommendation set forth the underlying facts of this case, which the Court will not repeat here. (*See* Dkt. No. 52 at 2–7.) In Plaintiff's amended complaint, Plaintiff alleges that Fischer, the Chaplain at the Monroe Correctional Complex where Plaintiff was incarcerated, violated Plaintiff's First and Fourteenth Amendment rights by refusing to provide Plaintiff with a prayer rug because Plaintiff is white. (*See* Dkt. No. 27 at 9–11.) Plaintiff

1  and Fischer have both moved for summary judgment. (Dkt. Nos. 41, 45.) Judge Tsuchida

2  recommends that the Court deny Plaintiff's motion, grant Fischer's motion, and dismiss this case

3  with prejudice. (Dkt. No. 52 at 1.) Plaintiff objects to Judge Tsuchida's report and

4  recommendation. (Dkt. No. 53.)

5  **II.   DISCUSSION**

6     **A.      Summary Judgment Standard**

7      "The court shall grant summary judgment if the movant shows that there is no genuine

8  dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

9  Civ. P. 56(a). Material facts are those that may affect the outcome of the case, and a dispute

10  about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a

11  verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

12  In deciding whether there is a genuine dispute of material fact, the court must view the facts and

13  justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party.

14  *Id.* at 255. The court is therefore prohibited from weighing the evidence or resolving disputed

15  issues in the moving party's favor. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

16     "The moving party bears the initial burden of establishing the absence of a genuine issue

17  of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If a moving party fails to

18  carry its initial burden of production, the nonmoving party has no obligation to produce anything,

19  even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire*

20  *& Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). But once the moving

21  party properly supports its motion, the nonmoving party "must come forward with 'specific facts

22  showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio*

23  *Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Ultimately, summary judgment

24  is appropriate against a party who "fails to make a showing sufficient to establish the existence

25  of an element essential to that party's case, and on which that party will bear the burden of proof

26  at trial." *Celotex*, 477 U.S. at 322.

1  When a motion for summary judgment is first reviewed by a magistrate judge, a district

2  court reviews *de novo* those portions of the magistrate judge's report and recommendation to

3  which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are

4  required to enable the district court to "focus attention on those issues—factual and legal—that

5  are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

6  **B.**     **Free-Exercise Claim**

7  To prevail on a free-exercise claim, an inmate must show (1) they held a sincere religious

8  belief and (2) a government official intentionally and substantially burdened the inmate's

9  exercise of that belief. *Hernandez v. Comm'r of Internal Revenue*, 490 U.S. 680, 699 (1989);

10 *Combs v. Washington*, 660 F. App'x 517, 517 (9th Cir. 2016). For a burden to be substantial, it

11 must "'place more than an inconvenience on religious exercise'; it must have a 'tendency to

12 coerce individuals into acting contrary to their religious beliefs' or 'exert [] substantial pressure

13 on an adherent to modify his behavior and to violate his beliefs.'" *Ohno v. Yasuma*, 723 F.3d

14 984, 1011 (9th Cir. 2013) (alterations in original) (quoting *Guru Nanak Sikh Soc'y of Yuba City

15 v. County of Sutter*, 455 F.3 978, 988 (9th Cir. 2006)). If an inmate shows that they faced a

16 substantial burden, they will prevail on their free-exercise claim unless the burden was

17 reasonably related to a legitimate penological interest. *See Ward v. Walsh*, 1 F.3d 873, 876–77

18 (9th Cir. 1993).

19 Judge Tsuchida concludes that Fischer did not substantially burden Plaintiff's religious

20 practice. In reaching that conclusion, Judge Tsuchida first observes that Monroe was not required

21 to provide Plaintiff with a prayer rug. (Dkt. No. 52 at 9) (citing *Ward*, 1 F.3d at 880; *Cruz v.

22 Beto*, 405 U.S. 319, 323 (1972) (Burger, C.J., concurring)). Judge Tsuchida next observes that

23 inmates at Monroe could obtain a prayer rug by purchasing one, having a family member

24 purchase one for them, or requesting one that was donated by community members. (*See id.* at 2,

25 10) (citing Dkt. No. 47-1 at 12). Although Fischer refused to provide Plaintiff with a donated

26 prayer rug, Judge Tsuchida concludes that Fischer's refusal did not substantially burden

Plaintiff's religious practice because Plaintiff (or Plaintiff's family) could still have purchased a prayer rug.[1] (*See id.* at 10–14.)

Plaintiff does not dispute most of Judge Tsuchida's analysis. For example, Plaintiff appears to agree that Monroe was not required to provide him with a prayer rug, (*see* Dkt. No. 49 at 4), and Plaintiff admits that he was ineligible for a donated prayer rug, (*see* Dkt. No. 53 at 2–3). Nevertheless, Plaintiff argues that Fischer substantially and intentionally burdened Plaintiff's ability to practice his religion because Fischer did not provide Plaintiff with information about how to purchase a prayer rug. (*See id.* at 3.)

Fischer was not constitutionally required to provide that information for one simple reason: Plaintiff never asked Fischer about purchasing a prayer rug. (*See* Dkt. No. 47-1 at 23–24.) Instead, Plaintiff sent Fischer two messages asking Fischer to provide Plaintiff with a prayer rug. (*See id.*) In the first message, Plaintiff said, "I am requesting a prayer rug. I am a non-suni [sic] Muslim and would like to be able to pray in my cell." (*Id.* at 23.) In the second message, Plaintiff wrote, "Please send me a prayer rug so I [illegible] can practice. I believe I am within my religious freedom of rights to do so." (*Id.* at 24.) By "requesting" that Fischer "send" a prayer rug, Plaintiff unambiguously demanded a prayer rug free of charge.[2] Fischer responded to that

---

[1] Judge Tsuchida also reasons that Fischer did not substantially burden Plaintiff because Plaintiff could have used clean towels and blankets as a substitute for a formal prayer rug. (Dkt. No. 52 at 10.) Plaintiff objects to Judge Tsuchida's reasoning, arguing that he could not use those towels and blankets for both his day-to-day living and for prayer while keeping them clean enough to satisfy the requirements of his faith. (*See* Dkt. No. 53 at 3–4.) The Court does not reach Plaintiff's objection because even if the towels and blankets were inadequate substitutes for a prayer rug, Plaintiff could have purchased a prayer rug.

[2] In Plaintiff's motion for summary judgment, he asserts that he "never requested a free prayer rug be given to him." (Dkt. No. 41 at 5) (citing Dkt. No. 42 at 4). As explained in Part II.C., this assertion is inconsistent with Plaintiff's complaint, which alleges that Plaintiff "asked for a prayer rug." (Dkt. No. 27 at 4.) The assertion is also contradicted by Plaintiff's correspondence with Fischer and by Plaintiff's grievance with Monroe, which complained that Fischer had denied Plaintiff's "two formal requests . . . [for] a Muslim prayer rug" and demanded "issuance of an Islamic prayer-rug (without further delay)." (Dkt. No. 46-1 at 62.) Because Plaintiff's assertion is "blatantly contradicted by the record," it does not create a genuine issue of material fact. *Scott v. Harris*, 550 U.S. 372, 381 (2007).

demand by correctly informing Plaintiff that he was ineligible for a free prayer rug. (*See id.* at 24.) ("These prayer rugs were donated by Muslim sponsors for active participants in our Muslim program. Sorry."). That response satisfied Fischer's obligation under the Free-Exercise Clause, which in no way requires government officials to volunteer information any time that information might help an inmate practice their religion. *See Ohno*, 723 F.3d at 1011 (quoting *Guru Nanak Sikh Soc'y*, 455 F.3 at 988) ("[A] substantial burden must place more than an inconvenience on religious exercise . . . ."). If Plaintiff wanted more information, he should have asked. *Cf. Garner v. Muenchow*, 715 F. App'x 533, 536–37 (7th Cir. 2017) (allowing a free-exercise claim to proceed where the evidence showed the plaintiff sought to obtain religious items and prison officials refused to tell him how he could obtain those items).

### C.   Equal Protection Claim

The Fourteenth Amendment's Equal Protection Clause "requires the State to treat all similarly situated people equally." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013). Ordinarily, a government official violates this requirement if the official intentionally discriminates against a person because of the person's race. *See id.*

Judge Tsuchida concludes that Plaintiff has failed to raise a genuine issue as to whether Fischer denied Plaintiff a prayer rug because of Plaintiff's race. (*See* Dkt. No. 52 at 16–18.) Judge Tsuchida bases his conclusion on the following uncontroverted facts: Plaintiff asked for a free prayer rug; Plaintiff was ineligible for a free prayer rug; Fischer told Plaintiff that he would not receive a free prayer rug because he was ineligible for one; Fischer has denied free prayer rugs to non-white inmates who were ineligible; and Fischer has never given a free prayer rug to a non-white inmate who he knew was ineligible. (*See id.*)

Plaintiff does not appear to dispute any of these facts. (*See* Dkt. No. 53 at 4–6.) But to avoid the inevitable conclusion that flows from those facts, Plaintiff advances the new theory that Fischer "depriv[ed] [Plaintiff] of . . . proper advising and instruction on how to obtain religious items." (*Id.* at 6.) This theory is implausible on its face—Fischer likely did not advise

Plaintiff on how to purchase a prayer rug because Plaintiff did not ask for that advice. (*See* Dkt. No. 47-1 at 23–24.) The theory is also unsupported by the record, which contains no information about the unsolicited advice Fischer offered to non-white inmates. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030–31 (9th Cir. 2013) (affirming the dismissal of an equal protection claim because the plaintiff did not offer any evidence showing that he was treated differently than similarly situated individuals). But more importantly, the theory is not in Plaintiff's amended complaint. (*See generally* Dkt. No. 27.) That complaint alleged that Fischer "deprived plaintiff of his right to equal protection of the laws . . . by having *denied him a prayer rug* for six months."[3] (*Id.* at 9) (emphasis added). Plaintiff has failed to support this allegation, and Plaintiff cannot avoid summary judgment by changing his complaint at the midnight hour. *Phillips v. Target Corp.*, 2015 WL 4622673, slip op. at 4 (D. Nev. 2015) (citing *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008)) ("The Ninth Circuit has consistently held that plaintiffs cannot raise new allegations in a summary judgment motion where the complaint failed to include necessary factual allegations.").

## III.  CONCLUSION

For the foregoing reasons, the Court hereby OVERRULES Plaintiff's objections (Dkt. No. 52), ADOPTS AND APPROVES Judge Tsuchida's report and recommendation (Dkt. No. 52), DENIES Plaintiff's motion for summary judgment (Dkt. No. 41), GRANTS Fischer's cross-motion for summary judgment (Dkt. No. 45), and DISMISSES Plaintiff's case with prejudice. The Court ORDERS the Clerk to send a copy of this order to Plaintiff and to Judge Tsuchida.

//

//

//

---

[3] Plaintiff's complaint refers to his "request for a prayer rug" on at least a half-dozen occasions. (*See, e.g.*, Dkt. No. 27 at 4–5, 9–10.) Not once does the complaint assert that Plaintiff wished to purchase a prayer rug or that Fischer should have told Plaintiff how to purchase one. (*See generally id.*)

DATED this 8th day of July 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE